IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| PIC CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>THE ENTITIES AND INDIVIDUALS IDENTIFIED IN ANNEX A,<br><br>    Defendants. | Case No. 24-cv-01438<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Jeannice W. Appenteng** |

**PRELIMINARY INJUNCTION ORDER**

Plaintiff PIC Corporation ("PIC" or "Plaintiff") filed a Partially Unopposed Motion for Entry of a Preliminary Injunction on April 19, 2024 (Dkt. 36)[1] (served on the Defendants and Defendants' counsel listed therein on April 19, 2024), which was entered and continued to April 29, 2024. Plaintiff filed a Supplemental Motion for Entry of a Preliminary Injunction to encompass AliExpress Defendants on April 23, 2024 (Dkt. 41) (served on the Defendants listed therein on April 24, 2024) against the fully interactive, e-commerce storefronts operating under the seller aliases identified in Annex A to the Complaint and attached hereto (collectively, "Defendants").

After reviewing the Motion and the accompanying record, this Court GRANTS both the Partially Unopposed Motion for Entry of Preliminary Injunction and the Supplemental Motion for Entry of Preliminary Injunction as follows.

This Court finds Plaintiff has provided notice to Defendants in accordance with the Temporary Restraining Order entered March 25, 2024 (Dkt. 26) ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

---

[1] The 42 Defendants which do not oppose entry of this Preliminary Injunction are delineated in the Agreed Motion to Modify Asset Restraint (Dkt. 34), and do not oppose entry subject to the conditions outlined in the resulting Agreed Stipulation and Order to Modify Asset Restraints as to Certain Defendants (Dkt. 40).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing and counterfeit versions of Plaintiff's federally registered trademark (the "Insect Trap Trade Dress") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using counterfeit versions of the Insect Trap Trade Dress. See Dkt. 21-1, 21-2, 21-3, 21-4, 21-5, which includes screenshot evidence confirming that each Defendant e-commerce storefront does stand ready, willing, and able to ship its counterfeit goods to customers in Illinois bearing infringing and/or counterfeit versions of the Plaintiff's Trademark.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of these Motions and in support of Plaintiff's previously granted Motion for Entry of a TRO establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Specifically, Plaintiff has proved a *prima facie* case of trademark infringement because (1) the Plaintiff's Trademark is a distinctive mark and is registered with the U.S. Patent and Trademark Office on the Principal Register, (2) Defendants are not licensed or authorized to use

the Insect Trap Trade Dress, and (3) Defendants' use of the Insect Trap Trade Dress is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Plaintiff. Furthermore, Defendants' continued and unauthorized use of the Insect Trap Trade Dress irreparably harms Plaintiff through diminished goodwill and brand confidence, damage to Plaintiff's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders, subject to the terms of the Agreed Stipulation and Order Modifying Asset Restraining Order as to those certain 42 Defendants (Dkt. 40), that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Insect Trap Trade Dress or any reproductions, counterfeit copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine product from Plaintiff product or not authorized by Plaintiff to be sold embodying Insect Trap Trade Dress;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Insect Trap Trade Dress;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which embodies the Insect Trap Trade Dress or any reproductions, counterfeit copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Plaintiff's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Online Marketplaces, including, without limitation, any online platforms such as eBay, Inc., AliExpress, Alibaba, Amazon, eBay, Temu, Walmart, and Wish (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Plaintiff expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

    a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial

accounts, including Defendants' sales and listing history related to their respective Online Marketplaces; and

c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, PayPal, Inc. ("PayPal"), Alipay, Wish.com, Alibaba, Ant Financial Services Group ("Ant Financial"), Amazon Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Plaintiff's request, those with notice of this Order, including the Third-Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit and infringing goods embodying the Insect Trap Trade Dress.

5. Any Third-Party Providers, including but not limited to PayPal, Alipay, Alibaba, Wish.com, and Amazon Pay, shall, within seven (7) calendar days of receipt of this Order:

a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Annex A and any e-mail addresses provided for Defendants by third parties; and

b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Plaintiff may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Pleadings, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the email addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Tianjin Hc Hardware Products Co., Ltd. and all other Defendants identified in the Operative Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Annex A to the Complaint (Dkt 2.), Exhibit 3 to the Declaration of Lawrence Bradford (Dkt. 21, 21-1, 21-2, 21-3, 21-4, 21-5) and the TRO (Dkt. 26) are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The $10,000 bond posted by PIC shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

Dated: June 5, 2024

Andrea R. Wood
United States District Judge